NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2008[*]
Decided November 17,  2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2680

| | |
|---|---|
| In re UAL CORPORATION | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| Appeal of BARNITA P. VANN | No. 07 C 2903 |
| | John W. Darrah, *Judge*. |

**O R D E R**

Barnita Vann, a former employee of United Airlines who had sued the airline for race discrimination, challenges the denial of a proof of claim that she filed in United's bankruptcy proceeding.  We affirm.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and the records.  See  FED. R. APP. P. 34(a)(2).

Vann, who is African-American, had been working at United's Chicago Reservation Center for approximately two years when United internally advertised openings in a different unit. Vann hoped that United would transfer her but, unlike colleagues to whom United offered the positions, she did not submit the appropriate forms requesting transfer by the due date. United later re-posted the same openings. The second time around, Vann did submit a proper request form, but United gave the positions to more senior employees. Months later Vann was discharged for insubordination and poor work attendance. In 2000 she sued United in the Northern District of Illinois, alleging that United discriminated against her based on race, see 42 U.S.C. § 1981, and somehow violated her representation rights under the Railway Labor Act (RLA), see 45 U.S.C. § 1951 *et seq.* In 2002 Judge Holderman granted summary judgment to United on both claims on the grounds that they were time-barred and that Vann failed to establish any genuine issue of material fact.

After Vann appealed, United filed for bankruptcy. The bankruptcy proceedings had the effect of staying all actions in this court against United, including Vann's appeal, and so she filed a proof of claim in bankruptcy court reiterating her allegations. We later dismissed Vann's appeal, noting that the bankruptcy plan discharged all actions related to services performed by United employees. *Vann v. United Airlines, Inc.*, Nos. 02-4083 & 03-1649, (7th Cir. Aug. 7, 2006) (unpublished order).

Later, the bankruptcy judge denied Vann's claim. Noting that Judge Holderman already had addressed the merits of Vann's claim in the earlier case, the bankruptcy judge decided simply to adopt Judge Holderman's ruling. Vann appealed to the district court. At that stage, Judge Darrah heeded the requests of both parties to affirm the bankruptcy judge's decision so that Vann could, as she now does, appeal to this court.

Vann's submission on appeal does not target specific issues relating to the bankruptcy proceeding. Instead, it reiterates her assertions in the earlier district court proceedings that United discriminated against her based on race and violated her representation rights under the RLA, 45 U.S.C. § 1951 *et seq.* Additionally Vann asserts for the first time that United somehow colluded with her landlords to force her eviction from her apartment and that her due process rights were violated. Because these arguments were not presented below, they are waived here. See *Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007). (In any event, there is absolutely no evidence that United had anything to do with Vann's housing situation, nor does the record reveal any conceivable due process violation.)

Turning to Vann's § 1981 and RLA claims, we note that United has not raised the affirmative defense of claim preclusion, see *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007), and so we do not consider it here, *Rizzo v. Sheahan*, 266 F.3d 705, 714 (7th Cir. 2001).  Even so, Vann cannot show that United violated § 1981 or the RLA, 45 U.S.C. § 1951 *et seq*.  As for the § 1981 claim, she presented neither direct nor indirect evidence that United's actions were racially motivated. See *Tyson v. Gannett Co., Inc.*, 538 F.3d 781, 783 (7th Cir. 2008). To note just one problem, Vann has failed to point to evidence that would permit a finding that she met United's legitimate performance expectations, including work attendance. See *Contreras v. Suncast Corp.*, 237 F.3d 756, 761 (7th Cir. 2001).  Moreover, she has not shown that similarly situated individuals (such as employees at her seniority level who did not submit timely transfer request forms and who also had poor records of attendance and time management) who were not African-American were treated more favorably than she was.  See *Radue v. Kimberly Clark Corp.*, 219 F.2d 612, 617-618 (7th Cir. 2000).  Vann's claim under the RLA is also doomed, because the applicable six-month statute of limitations had already expired when she filed her claim.  See *Steffens v. Bhd. of Ry., Airline & S.S. Clerks*, 797 F.2d 442, 445 (7th Cir. 1986); *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 304 (3rd Cir. 2004).

Finally, Vann has filed a motion for sanctions against United or disciplinary measures against its attorneys. Because she has not specified any facts that would warrant  sanctions, we DENY her motion.

The judgment of the district court is AFFIRMED.